| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| United States Department of Justice<br>Office of the United States Trustee<br>Andrew R. Vara<br>Acting United States Trustee, Region 3<br>Michael A. Artis, Esquire<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Telephone: (973) 645-3014<br>Fax:  (973) 645-5993<br>E-Mail: Michael A. Artis@usdoj.gov |
| Albert Russo<br>CN 4853<br>Trenton, New Jersey 08650<br>(609) 587-6888<br>STANDING CHAPTER 13 TRUSTEE<br>E-Mail: arusso@russotrustee.com<br><br>In Re:<br>**U.S. BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY,**<br><br>  Plaintiff<br>     v.<br><br>**WILLIAM H. OLIVER, JR.,**<br><br>  Defendant |

**Order Filed on March 11, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Miscellaneous Proceeding Case No: 19-00111 CMG

Hearing Date:  1/20/2021

Judge Christine M. Gravelle

**REVISED ORDER IMPOSING FURTHER SANCTIONS AGAINST WILLIAM H. OLIVER, JR.**
The relief set forth on the following pages two (2) through six (6)

**DATED: March 11. 2021**

*Christine M. Gravelle*
Honorable Christine M. Gravelle
United States Bankruptcy Judge

The initial aspect of this matter originated from the Court's sua sponte filing of the above Miscellaneous Proceeding seeking certain relief as to actions related to Electronic Case Filing undertaken by Attorney William Oliver (hereinafter "Attorney Oliver"), resulting in an Order for Sanctions dated January 16, 2020, which Order is incorporated by reference herein; and, pursuant to that Order; and, there having been further investigation, undertaken by the United States Trustee ("UST") and the Standing Chapter 13 Trustee (" 13 Trustee)" into issues surrounding attorney fee disclosures /arrangements related to Loss Mitigation/Loan Modification services that were bankruptcy related and rendered to debtors by Attorney Oliver; and, finding violations of the Bankruptcy Court Rules and Bankruptcy Code for failures to properly and timely disclose attorney fees, and to properly and timely apply for Court approval of such fees; and, the UST and 13 Trustee, having sought disgorgement of all fees received by Attorney Oliver by way of a filed Motion or Objection in specific Chapter 13 cases; and, Albert Russo, the Chapter 13 Trustee appearing; Michael A. Artis, Esquire, Trial Attorney for Andrew Vara, Acting United States Attorney appearing; and, Raymond T. Lyons, Esquire (Fox Rothschild, LLP) appearing on behalf of Attorney Oliver; and, Attorney Oliver, by and through his counsel having presented arguments against disgorgement in every Chapter 13 case at issue; and, the Court having conferenced with Counsel and considered the submissions filed on the record and the parties having stipulated to the below findings and consent to the below resolution; and, the Court concurring with the following findings; and, for good cause shown;

STIPULATED FINDINGS:

1. The 13 Trustee conducted a review of a limited number of Attorney Oliver cases and identified a number of Chapter 13 cases filed by Attorney Oliver where he performed Loss Mitigation/Loan

2

Modification Services and no fee arrangements or fee receipts were disclosed nor was there applications for Court approval for the fees.

2. In late February, 2020 the 13 Trustee initiated discovery and issued an initial set of Subpoenas to Attorney Oliver and the debtor(s) in Chapter 13 cases from that list.

3. While there was limited response to those initial Subpoenas, discovery overall was slowed and eventually halted due to COVID 19 impact on the operations of Attorney Oliver.

4. Attorney Oliver subsequently identified 84 cases (hereinafter "The List", attached hereto as Exhibit A) where he provided Loss Mitigation/ Loan Modification services in Chapter 13 cases and /or received fees but had not disclosed and /or sought Court approval of same. Attorney Oliver only later disclosed and/or applied for Court approval of fees in certain cases due to this proceeding. The UST and 13 Trustee object to the inclusion of the narrative section of such Exhibit A as admissible evidence. As such, the narrative description shall not be admissible in this or any other proceeding.

5. Attorney Oliver is in violation of the Bankruptcy Code and Court Rules as to the following requirements to disclose fee arrangements with debtor(s); fees received from debtor(s) and services rendered with respect to loss mitigation in connection with filed Chapter 13 cases as required by 11 U.S.C. §329(a) and Federal Rules of Bankruptcy Procedure 2016(b) and (c).

6. Attorney Oliver further failed to apply for and obtain Court approval for fees received for Loan Modification services rendered in connection with numerous Chapter 13 cases as required by 11 U.S.C. § 330(a) and 503(b)(2), Federal Rule of Bankruptcy procedure 2016(a) and D.N.J LBR 2016-5(b)(2).

7. The Chapter 13 Trustee and the U.S. Trustee assert that attorney Oliver's failure to disclose the aforesaid fee arrangements, fee receipts and services rendered together with the failure to apply to the Court for approval of fees are actions that constitute a violation of the New Jersey

    Rules of Professional Conduct 3.3 (Cantor Toward The Tribunal) and Attorney Oliver disputes such assertions. A determination of this issue will be left to the appropriate State disciplinary authorities upon a referral by this Court and/or any party to this proceeding.

8. Attorney Oliver does not dispute the failure to timely disclose fee arrangements, fee receipts, and timely seek Court approval for those fees for Loan Modification services related to Chapter 13 cases and apologized for his failure to do so.

**IT IS HEREBY ORDERED:**

1. Sanctions shall be imposed in the total amount of $50,000.00 upon Attorney Oliver for the failure to timely disclose and file the required attorney disclosure forms and obtain Court approval for supplemental fees for bankruptcy related services for Loss Mitigation/Loan Modification services in numerous Chapter 13 cases. Such sanctions shall be payable to the Clerk, United States Bankruptcy Court for the District of New Jersey according to the following time line:

    a. $10,000 payable by January 29, 2021.

    b. $5,000 per month beginning April 1, 2021 and on the first of each month for the following seven (7) months until the sanction is paid in full.

2. Upon the entry of this Order, Attorney Oliver shall remit to this Court and the 13 Trustee proof of payment of the above sanctions within 14 days of the due date to pay the sanctions.

3. In addition to the monetary sanctions set forth above, in all Chapter 13 cases where there has been a closing event that signifies that the Chapter 13 case has been fully administered, upon the issuance of a 13 Trustee Plan Complete Letter, an Order of Dismissal, or an Order

Converting Case, from January 1, 2020 forward, with the sole exceptions of the 84 cases on "The List" (attached as Exhibit A to this Order), Attorney Oliver must submit to the 13 Trustee a document summary that includes the following information and supporting documentation:

   a. A disclosure of fees earned or received in connection to or related to the case for the period of one (1) year prior to the date of filing of the Petition to the date of closing, order of dismissal or conversion.

   b. Copies of all retainer agreements related to the services in the bankruptcy case including the retainer agreement for the Chapter 13 case and the loan modification retainer agreement.

   c. 2016(b) Form Disclosures and any amendments thereto.

   d. Copy of the client ledger account card showing deposits/ receipts for fees.

   e. Copies of checks or proof of form of payment of fees.

4. Compliance and verification of the requirements in paragraph 3 shall be reviewed by a separate Court appointed monitor in this proceeding, Bederson and Company, for a period from January 1, 2020 to June 30, 2022. Bederson and Company shall prepare a Statement of Work for these services and shall submit same to the Bankruptcy Court, counsel for Attorney Oliver, Chapter 13 Trustee, and the UST for review and approval within 30 days of the date of entry of this order.

5. Upon entry of this Order, the 13 Trustee shall withdraw objections to attorney compensation and or amended 2016(b) Disclosures in the following cases, without prejudice, subject to Attorney Oliver's full compliance with the terms of this Order. :

   - Brian & Kate Minor: Case # 16-17843 CMG

   - Veronica Smothers: Case # 17-17301 CMG

- Leonidas & Stacy Andonatos: Case # 17-13664 CMG

- Jerome Robinson: Case # 18-28699 CMG

- Paul Spanola & Michele Lloyd: Case # 18-24264 CMG

- Gary & Melissa Repack: Case# 19-14294 CMG

- Ernestine Cox:  Case# 19-15737 CMG

- Adelaide Starmer: Case # 19-10304 CMG

6. Nothing herein prevents the UST or 13 Trustee to reopen other Attorney Oliver cases (other than for fees related to Loan Modifications in cases closed by the Court before January 15, 2020 or in cases on "The List")  to determine if additional sanctions are necessary. The issues herein are not barred by Res Judicata or Collateral Estoppel.